44D01-2001-CT-000002

Filed: 1/13/2020 2:27 F
Cle
LaGrange County, India

LaGrange Superior Court

USDC IN/ND case 1:20-cv-00075-HAB-SLG   document 5   filed 01/13/20   page 1 of 8

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE LAGRANGE SUPERIOR COURT |
| ) §: | | CAUSE NO. _____ |
| COUNTY OF LAGRANGE ) | | |

JEFFREY PETERS, )
)
    Plaintiff, )
)
v. )
)
LIFE CARE CENTERS OF AMERICA, )
INC., )
)
    Defendant. )

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The plaintiff is Jeffrey Peters ("Plaintiff"), a qualified individual, and a resident of Kendallville, Noble County, Indiana.

2. Plaintiff contends that he was discriminated against and retaliated against on the basis of his disability/perceived disability, in violation of her federally protected rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 11140 (§ 510).

3. The Defendant is Life Care Centers of America, Inc., a company doing business at 770 North 075 East, in LaGrange, Indiana with a corporate office at 3570 Keith Street, NW, Cleveland, Tennessee and with a registered agent address of Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Defendant is an "employer" for the purposes of the ADA and ERISA.

4. On or about December 27, 2018, Plaintiff filed a Charge of Discrimination 470-2019-01183 with the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto and made a part hereof as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on October 15, 2019, a copy of which was received by counsel on October 18, 2019, and attached hereto as Exhibit B, and this Complaint has been filed within 90 days after receipt of the Notice of Rights.

5. Plaintiff has been employed by Defendant since December 1, 2017 until he was wrongfully terminated on June 18, 2018.

6. In mid-May of 2018, the Plaintiff broke his ankle which required him to be seen at the hospital and by an orthopedist, and which resulted in work restrictions, including weight-bearing restrictions and including the use of crutches and a boot.

7. Defendant required the Plaintiff to work outside his restrictions, including being told by a supervisor, Ms. Richter, that he was using his "broken ankle as an excuse" and Plaintiff was threatened by that same supervisor, that "she was going to take his crutch away" if he did not "pull more weight" and comply with working outside his restrictions, including insisting upon his climbing a ladder on one occasion. Working outside his restrictions resulted in Plaintiff falling and re-injuring his foot on or about May 30, 2018.

8. Ms. Richter also informed him that she "didn't care about his restrictions" and upon several occasions, when he attempted to give her an update from the doctor on his restrictions, her response was to say "she would not accept it" or simply saying "No".

9. The Plaintiff was also denied access to employee benefits by the Defendant, by first being told he had a 90-day enrollment period, only to later discover (too late to enroll) it was actually 45 days.

10. Ms. Richter, a supervisor, told him upon learning of his missing the deadline, that "well - that's just life".

11. The Plaintiff believes he was deliberately lied to about his enrollment period, and was never provided documentation on filing an appeal, or given any consideration in order to attempt to receive insurance benefits.

12. The Plaintiff was then terminated on or about June 18, 2018 for the pre-textual reason of "not pulling his weight" despite being on work restrictions at that time.

13. In reality, the Defendant's actions are discriminatory and retaliatory and based upon the Plaintiff's disability/perceived disability, in violation of his federally protected rights under the ADA. Further the Defendant's actions in deliberately misleading the Plaintiff and withholding insurance benefits is in violation of ERISA § 510. As a result of the discriminatory and retaliatory behavior of the Defendant, Plaintiff has suffered the loss of his job, compensation, benefits, and has suffered embarrassment, emotional distress, and other damages and injuries. Plaintiff is entitled to seek compensatory damages.

14. Furthermore, the Defendant's discriminatory and retaliatory behaviors were intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for lost wages, front pay, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers (10043-02)
Cathy T. Serrano (23988-02)
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
Counsel for Plaintiff

E-mail: cmyers@myers-law.com
cserrano@myers-law.com
Attorney for Plaintiff

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form.

Charge Presented To:  Agency(ies) Charge No(s):
☐ FEPA
☒ EEOC

**Equal Employment Opportunity Commission** _____ and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Jeffrey C. Peters | (260) 466-8355 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 203 ½ South Riley Street | Kendallville, IN 46755 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Life Care Centers of America | | (260) 463-7445 |

| Street Address | City, State and ZIP Code |
|---|---|
| 770 N 075 E | LaGrange, IN 46761 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Life Care Centers of America | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 3570 Keith Street, NW | Cleveland, TN 37312 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
**ADA**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05/2018   Latest: 06/18/2018

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant Jeffrey Peters alleges that Respondent Life Care Centers of America discriminated against him and retaliated against him and terminated him on account of his disability (broken left ankle substantially impairing his everyday life activities of walking, standing, no weight-bearing, working). Complainant alleges that he was terminated in violation of the Americans with Disabilities Act of 1990 42 U.S.C. § 12111 *et. seq.* ("ADA"). Complainant was a qualified individual with a disability in that he could, either with or without reasonable accommodation, perform the essential functions of his job. Complainant worked for Respondent from about December 1, 2017 until about June 18, 2018 at which time he was terminated.

II. In mid-May, 2018, Complainant broke his left ankle. He had difficulty walking, standing, and working. Complainant was put on crutches and his physician imposed restrictions including working only six hours a day, staying off tile, and other restrictions. Respondent insisted that Complainant work outside his restrictions and otherwise did not follow the restrictions, resulting in Complainant falling on or about May 30, 2018. Respondent failed to engage in the interactive process, denied Complainant his request for reasonable accommodations, perceived and regarded Complainant as being disabled, and/or discriminating against Complainant because of his record of impairment. Finally, Respondent terminated Complainant on or about June 18, 2018 for the pre-textual reason of Complainant "not pulling his weight" and being unable to work more than six hours a day.

III. Pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 11140 (§ 510), Respondent terminated Complainant as a result of Complainant attempting to utilize insurance benefits made available through Respondent's Plan of Insurance. In fact, Respondent repeatedly denied Complainant his insurance by delaying the enrollment period, and there were occasions that Respondent's agents and employees deliberately lied to Complainant about the enrollment period which

prohibited Complainant from getting and utilizing the insurance. For example, Respondent told him that the enrollment period was ninety days, when it was really forty-five days. Respondent intentionally terminated the Complainant in an effort to interfere with his job so that he would not utilize plan benefits.

IV. The actions of the Respondent were intentional and in reckless disregard of Complainant's federally protected civil rights under the ADA and ERISA § 510. Complainant lost his job and job related benefits including income. Complainant has suffered back pay, front pay, medical costs that would otherwise be insured, emotional distress, mental anguish, humiliation, embarrassment, financial distress, inconvenience and other damages and injuries. Complainant seeks compensatory damages. Because the actions of the Respondent were intentional and in reckless disregard of Complainant's federally protected civil rights, Complainant seeks punitive damages.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/27/18
Date

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

12/27/2018

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Jeffrey Peters**<br>203 1/2 South Riley Street<br>Kendallville, IN 46755 | From: **Indianapolis District Office**<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-01183 | Marc A. Fishback,<br>Enforcement Supervisor | (463) 999-1179 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Michelle Eisele,
District Director

OCT 15 2019
*(Date Mailed)*

Enclosures(s)

cc: **LIFE CARE CENTERS OF AMERICA**
c/o Lena Morgan, Attorney
Life Care Legal & Risk Services
3001 Keith Street NW
Cleveland, TN 37312

Christopher C. Myers
**CHRISTOPHER C. MYERS & ASSOCIATES**
809 S. Calhoun Street, Suite 400
Fort Wayne, IN 46802

Ex. B