UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEFFREY PETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:20-CV-75-HAB |
| ) | |
| LIFE CARE CENTERS OF AMERICA, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Jeffrey Peters ("Peters") believes that he was terminated from his employment with Defendant Life Care Centers of America, Inc. ("LCCA"), in part, in retaliation after Peters complained that LCCA denied him access to its employee benefits plan (the "Plan"). LCCA disagrees, so much so that it has twice moved this Court to dismiss Peters' complaints under Federal Rule of Civil Procedure 12(b)(6). Peters has responded both times by moving to amend his then-pending complaint to address LCCA's concerns. The Court granted Peters' first motion to amend and before the Court today is his second.

LCCA's opposition to Peters' second request for leave to amend raises several arguments but can be reduced to two essential positions: LCCA claims that Peters' requested amendment is (1) untimely and (2) futile. The Court disagrees with LCCA on both grounds and will permit Peters' most recent proposed amendment.

**A.    Peters' Motion Meets the Heightened Requirements of F.R.C.P. 16(b)(4)**

Both parties agree on the general standard this Court must use in evaluating motions for leave to amend. Under the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. Rule 15(a). "In the absence of any apparent

or declared reason—such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). Generally, "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *J.D. Marshall Intern. Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

LCCA contends, however, that Peters' instant motion should be evaluated under Rule 16(b)(4) because the motion was filed after the deadline for amended pleadings established in the Scheduling Order (ECF No. 14). Relying on *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014), LCCA asserts that the Court should apply "the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." (ECF No. 22 at 4). Since Peters failed to allege any good cause in the instant motion, LCCA argues that the motion must be denied.

Peters responds in two ways. First, he claims that since LCCA has yet to file a responsive pleading he retains the ability to file an amendment as of right under Rule 15(a)(1). Peters is incorrect. The right to amend in Rule 15(a)(1) is "extinguished" when a plaintiff successfully files his first amended complaint. *Ormsby v. Nexus RVs, LLC*, 2020 WL 2045781 at *3 (N.D. Ind. April 28, 2020) (citing *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194 (7th Cir. 1985)). All subsequent amendments can be achieved only via leave of court. *Id*. Here, Peters has already amended his complaint once (ECF No. 17) and has therefore used his lone get-out-of-amendment-jail-free card. Peters' instant motion was not filed "out of an abundance of caution" (ECF No. 23 at 4) but was instead a procedural requirement of Rule 15.

2

Peters alternatively requests that the Court find "excusable neglect" to be the cause of his untimely amendment, "resulting from competing deadlines and a lack of responsive pleading to Plaintiff's First Amended Complaint." (*Id.* at 5). But excusable neglect is not the standard for altering deadlines under Rule 16(b)(4). "In fact, Rule 16(b)(4)'s 'good cause' requirement, which focuses on diligence, is more onerous than [the] 'excusable neglect' requirement." *McCann v. Cullinan*, 2015 WL 4254226 at *10 (N.D. Ill. July 14, 2015) (collecting cases). Thus, even if the Court found excusable neglect, that would be insufficient to permit amendment after the deadline set forth in the Scheduling Order.

Nonetheless, the Court finds sufficient good cause to excuse any failure to comply with the amended pleading deadline. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Peters filed his request to amend only four days after the applicable deadline, and less than two weeks after LCCA's most recent motion to dismiss. These time frames strike the Court as sufficiently diligent, and certainly are far afield of the six-month delay present in *Adams*. 742 F.3d at 734.

With Rule 16(b)(4) satisfied, the Court finds no reason to deny the amendment under Rule 15(a) due to timeliness. "Prejudice to the opposing party is the most important factor in determining whether to allow an amendment to a complaint." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999). To its credit, LCCA does not allege that it would be prejudiced by the slight delay caused by Peters' proposed amendment, nor does it meaningfully challenge Peters right to amend under Rule 15(a) on grounds of delay. The Court finds that LCCA will suffer no prejudice as a result of the amendment and will not deny Peters leave to amend on the basis of undue delay.

**B.     Peters' Proposed Amendment is not Futile**

LCCA next argues that Peters' request to for leave to amend should be denied because the proposed amendment "do[es] not correct the deficiencies outlined in Life Care's pending Motion to Dismiss." (ECF No. 22 at 5). In support, LCCA identifies two different areas where it believes that Peters' proposed Second Amended Complaint remains legally deficient.

The Seventh Circuit has made it clear that an amendment should not be denied based on futility "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (original emphasis).

> The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim.

*Id*. at 520 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

**1.     *Peters' Section 510 Claim***

LCCA first asserts that Peters' proposed amendment is futile because it "provides no factual allegations whatsoever to support" his claim that he was terminated because of his intent to assert benefits under the Plan. (ECF No. 22 at 6). The Court finds this argument difficult to follow. Peters' proposed amended complaint is replete with factual allegations. Paragraphs 9 through 11 of the proposed amendment present nearly two pages of factual allegations in support of his Section 510 claim. (ECF No. 24 at 2–4). Indeed, LCCA fails to identify what, if anything, Peters could or should have pled to make the amendment compliant.

4

Rather than discuss Peters' actual proposed amendment, LCCA simply quotes from *Morkoetter v. Sonoco Prods. Co.*, 936 F.Supp.2d 995 (N.D. Ind. 2013), replacing the names of the parties in that case with the names of the parties here. (ECF No. 22 at 6–7). However, as Peters notes, *Morkoetter* is inapposite. In that case, the plaintiff "set[] forth no factual allegations whatsoever regarding the circumstances surrounding his termination in relation to his use of Plan benefits." *Morkoetter*, 936 F.Supp.2d at 1002. As already noted, that is not the case here. Peters has pled "enough facts to state a claim to relief that is plausible on its face" with respect to retaliatory termination. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007).

LCCA next asserts that Peters "does not allege Life Care interfered with his ability to enroll [in the Plan]." (ECF No. 22 at 7). Again, the Court must disagree. Peters expressly alleges that he was never provided with the enrollment forms during the enrollment period. (ECF No. 24 at 2–3). He further alleges that LCCA misrepresented the enrollment period. (*Id*. at 4). Not to put too fine a point on it, but Peters' proposed amendment explicitly states, "Defendant interfered with the attainment of a right under ERISA by interfering with Plaintiff's employment and by interfering with Plaintiff's ability to enroll in the 'Plan'." (*Id*. at 3). Again, the Court finds Peters' allegations enough to satisfy Rule 15(a).

Finally, LCCA claims that the proposed amendment fails to "correct the deficiency from his First Amended Complaint that he failed to exhaust administrative remedies before filing suit." (ECF No. 22 at 8). Instead, LCCA states that the proposed amendment "only makes general, conclusory assertions that pursuing remedies would be futile." (*Id*.). LCCA's position could only come from a failure to read Peters' amendment. The proposed Second Amended Complaint expressly alleges that "there is no appeal process within the 'Plan'". (ECF No. 24 at 5). An ERISA plaintiff's failure to exhaust administrative remedies can be excused where there has been a lack

5

of meaningful access to review procedures and where exhaustion of internal remedies would be futile. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996). The Court can imagine no situation where there is a greater lack of meaningful access to review procedures than where those procedures do not exist at all.  Peters' allegations are sufficient.

### 2.     *Peters' Fraud Claim*

In its final challenge to Peters' proposed amendment, LCCA claims that Peters has failed to satisfy the heightened pleading requirements of Rule 9(b). While the precise level of particularity required under Rule 9(b) depends upon the facts of the case, the pleading "ordinarily requires describing the who, what, when, where, and how of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). Rule 9(b) "does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, [but] it does require the plaintiff to state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).

Peters has satisfied these requirements. To quote his reply brief, "paragraph 9 of Plaintiff's proposed Second Amended Complaint adequately identifies who (Ms. Richter), when ('during Plaintiff's orientation' and 'again approximately four weeks into Plaintiff's employment'), how ('verbally . . . misrepresenting the enrollment period'), and the content of the misrepresentation ('told he had a 90-day enrollment period')." (ECF No. 23 at 8–9). One can reasonably infer that the alleged misrepresentations were made at LCCA's offices. These facts are all that are required at this point.

**C.     Conclusion**

For the foregoing reasons, Peters Motion for Leave to File Second Amended Complaint in Lieu of Responding to Motion to Dismiss (ECF No. 21) is GRANTED. The Clerk is DIRECTED to file Peters' proposed Second Amended Complaint (ECF No. 21-1) as of the date of his original complaint in this matter[1]. LCCA's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) (ECF No. 19) is DENIED as moot.

SO ORDERED on June 29, 2020.

                                                 s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT

---

[1] LCCA does not challenge Peters request that his Second Amended Complaint relate back to the filing of his original complaint under Rule 15(c).